**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARK BUCKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-12411 |
| | ) | |
| MNS & ASSOCIATES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MARK BUCKMAN (Plaintiff), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, MNS & ASSOCIATES, LLC (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the Grosse Pointe Woods, Wayne County, Michigan.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Amherst, Erie County, New York.

12. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original

creditor, HSBC.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. In or around November 2014, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at 678-629-49xx, in an attempt to collect the alleged debt.

20. Defendant called Plaintiff from 855-219-5587, which is one of Defendant's phone numbers.

21. On or around November 14, 2014, Plaintiff spoke to one of Defendant's collectors.

22. During the aforementioned conversation, Defendant's collector did not state that he was calling from MNS & ASSOCIATES, LLC.

23. Defendant's collector that called Plaintiff was working within the scope of his employment when communicating with Plaintiff in an attempt to collect a debt.

24. Defendant's collector that called Plaintiff is familiar with the FDCPA.

25. Defendant's collector that called Plaintiff knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

26. During the aforementioned conversation, Defendant's collector told Plaintiff that he was an agent of a federal department and asked Plaintiff if he had received a notice to appear in federal court for fraud.

27. During the aforementioned conversation, Plaintiff told Defendant's collector that he had not received such a notice.

28. During the aforementioned conversation, Defendant's collector said, "It's okay, there is time to redeem yourself," and transferred Plaintiff to another collector.

29. During the conversation with the second collector, the second collector informed Plaintiff that the original creditor on this account was HSBC and needed immediate payment.

30. During the aforementioned conversation, Plaintiff stated that this HSBC account had been marked fraudulent and closed and therefore Plaintiff disputed the debt.

31. During the aforementioned conversation, Defendant's collector told Plaintiff "fuck you" and disconnected the phone call.

32. Shortly after, PNC called back and spoke to Defendant's collector, Michael, who stated that there was no reason for Plaintiff to call back and threatened that Plaintiff would regret it if he ever called back.

33. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

36. Defendant has never sent Plaintiff anything in writing to validate the debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed state that they were calling from MNS & ASSOCIATES, LLC;

    b. Defendant violated §1692e(1) of the FDCPA by falsely representing or implying

      that the debt collector is vouched for, bonded by, or affiliated with the United States when Defendant's collector told Plaintiff that he was a federal agent; and

   c. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt when Defendant's collector used obscene and profane language toward Plaintiff.

WHEREFORE, Plaintiff, MARK BUCKMAN, respectfully requests judgment be entered against Defendant, MNS & ASSOCIATES, LLC, for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

41. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendant violated §339.915a(p) of the MOC by operating under a name or in a manner that implies or states that the collection agency is a branch of, or associated with, or has been approved or licensed by, a department of federal, state, or local government, when Defendant's collector told Plaintiff he was an agent for a federal department.

43. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of the foregoing violations of the MOC, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, MARK BUCKMAN respectfully requests judgment be entered against Defendant, MNS & ASSOCIATES, LLC, for the following:

45. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

46. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

47. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

48. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: July 6, 2015          By: /s/ Michael S. Agruss
                                 Michael S. Agruss
                                 SBN: 6281600
                                 Agruss Law Firm, LLC
                                 4619 N. Ravenswood Ave., Suite 303A
                                 Chicago, IL 60640
                                 Tel: 312-224-4695
                                 Fax: 312-253-4451
                                 michael@agrusslawfirm.com
                                 Attorney for Plaintiff